UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TROY GIVENS                                    CIVIL ACTION

VERSUS                                         NO: 07-1824

FEDEX GROUND PACKAGE SYSTEM,                   SECTION: J(4)
INC., ET. AL.

**ORDER**

Before the Court are Plaintiffs' **Motions to Sever and Transfer (Rec. Docs. 74, 77, and 86)** and supporting memoranda (Rec. Docs. 76 and 89), as well as Defendant's **Memoranda in Opposition (Rec. Docs. 82 and 91)**. This case began as a large Fair Labor Standards Act claim for unpaid overtime wages by FedEx employees. The case was originally transferred by the Judicial Panel on Multidistrict Litigation to the Northern District of Indiana, but it has been transferred back to the Eastern District of Louisiana. The Court now considers motions and memoranda regarding severance and transfer filed by the twelve remaining Plaintiffs.

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district where that action might have been brought if it is for the

convenience of the parties and witnesses and in the interest of justice. In determining whether transfer is appropriate, courts have reviewed a number of private and public factors. In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." Id. (citing In re Volkswagen AG, 371 F.2d 201, 203 (5th Cir. 2004)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws . . . ." Id.

After reviewing the motions, supporting memoranda, and oppositions, and the arguments presented therein, the Court finds that severance and transfer of each of the Plaintiffs' claims to their home districts is appropriate in this case for the following reasons: (1) there is no longer a connection to Louisiana because the original Plaintiffs have been dismissed, (2) Plaintiffs could have brought their individual claims in their home districts, (3) the relevant employment of each Plaintiff with FedEx occurred in their home districts, (4) the

majority of witnesses are in the home districts, (5) most of the relevant evidence is in the home districts, (6) no trial date nor scheduling order has been issued yet, (7) the travel distance for witnesses and Plaintiffs to Louisiana is too far and would impose financial hardship on them, and (8) the home districts have a greater interest than Louisiana in adjudicating Plaintiffs' claims.  Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motions to Sever and Transfer (Rec. Docs. 74, 77, and 86)** are **GRANTED**.  Each of the twelve remaining Plaintiffs' claims, as described in the parties' Joint Status Report (Rec. Doc. 66), is to be severed and transferred to their home judicial district for all future proceedings.

New Orleans, Louisiana, this 6th day of May, 2011.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE